IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas Green, #354245, ) | C/A No.: 1:14-2225-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Lieutenant Sandra Kirkland, Officer ) | |
| James McElroy, and Warden Michael ) | |
| McCall, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Douglas Green, proceeding pro se and in forma pauperis, is an inmate incarcerated at Broad River Correctional Institution in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff files this action alleging violations of his constitutional rights while previously incarcerated at Lee Correctional Institution ("LCI") against LCI employees Lieutenant Sandra Kirkland ("Kirkland"), Officer James McElroy ("McElroy"), and Warden Michael McCall ("McCall") (collectively "Defendants").

This matter comes before the court on the following motions of Plaintiff: (1) motions for sanctions [ECF Nos. 81, 96, 113, 122]; (2) motion for protective order [ECF No. 87]; (3) motions to compel [ECF No. 88, 94]; (4) motion for relief from judgment [ECF No. 104]; (5) motion in limine [ECF No. 108]; (6) motion for judgment as a matter of law [ECF No. 112]; (7) motion to appoint counsel [ECF No. 120]; (8) motion for reconsideration [ECF No. 124]; and (9) motion for a trial [ECF No. 125]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this

matter was referred to the undersigned for all pretrial proceedings. For the foregoing reasons, the undersigned denies Plaintiff's motions.

I.      Factual and Procedural Background

Plaintiff alleges that on May 16, 2013, he ran out of his unit in an attempt to join recreation when he was stopped by Horne and McElroy, who told him he could not go because Kirkland had already locked the door. [ECF No. 27-1 at 3]. Plaintiff states that despite Horne telling him "Back up, Back up, Back Up," he told her "no" and that he wanted to speak to Kirkland. *Id*. Plaintiff alleges that Horne then sprayed him in the face with mace. Plaintiff states that he "blacked out" and then began "trying to defend [himself] out of anger." *Id*. Defendants allege, and Plaintiff has not disputed, that Plaintiff began punching Horne. [ECF No. 101-2 at 4; 101-3 at 5–8]. Plaintiff admits to swinging at Horne. [ECF No. 107-2 at 2].

Plaintiff alleges that several minutes later, Kirkland and McElroy came to his unit and gave Plaintiff an order to turn around and be handcuffed. [ECF No. 27 at 5]. Plaintiff states that he followed all directives Kirkland and McElroy issued. *Id*. Kirkland and McElroy held Plaintiff's arms and escorted him downstairs. *Id*. Plaintiff alleges that as they were leaving the unit, Kirkland rammed Plaintiff's head against the metal door frame head. *Id*. Plaintiff alleges that Kirkland and McElroy then pulled him in the hall outside of the unit and Kirkland rammed Plaintiff's head against the wall. *Id*.

Plaintiff alleges that as they continued to escort him to the medical dorm, Kirkland began cursing at him and calling him obscene names. *Id*. at 6. Plaintiff alleges that when he began speaking up for himself, Kirkland pushed his head into the corner of a brick

wall, "splitting [his] head open" and chipping a tooth on his right side. *Id*. at 6. Plaintiff states that he needed seven stitches. [ECF No. 27-1 at 11–12].

Plaintiff alleges that McElroy failed to protect him against Kirkland's excessive force and McCall did not take corrective action when he filed a grievance regarding the incident. [ECF No. 27 at 8–9]. Plaintiff seeks compensatory and punitive damages. *Id.* at 9.

II.     Discussion

   A.     Motion for Sanctions [ECF No. 81]

In his first motion for sanctions, it is unclear against whom Plaintiff seeks sanctions. Plaintiff appears upset that he did not receive a free copy of his motion to amend and that his motion for a second amended complaint was denied. Plaintiff has previously been informed that he is not entitled to a free copy of his filings. [ECF No. 49]. In addition, Plaintiff's case has proceeded against the three individuals he sought to bring claims against. To the extent that he requests that SCDC be named as a defendant, the undersigned denied such request for the reasons explained the undersigned's June 19, 2014, report and recommendation. [ECF No. 9]. *See Long v. Ozmint*, 558 F.Supp.2d 624, 629 (D.S.C. 2008) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

B.      Motions Related to Discovery [ECF Nos. 87, 88, 94, 96,104][1]

Plaintiff's motions related to discovery appear to allege that Defendants' responses were insufficiently detailed or complete. [ECF No. 94]. Specifically, Plaintiff seeks (1) photographs of his wound; (2) SCDC policy regarding the use of force; (3) a transcript of the disciplinary hearing; (4) a copy of the log book related to the incident; and (5) a statement from the doctor who examined Plaintiff following the incident. [ECF Nos. 94 at 2; 96 at 4]. Defendants submitted their discovery responses as an attachment to their response to Plaintiff's initial motion to compel [ECF No. 92-1]. Defendants stated that they did not have photographs of the wound. [ECF No. 92-1 at 4, 13, 38]. The court cannot compel the discovery of items Defendants do not possess or control. Defendants objected to producing the use of force policy as confidential. [ECF No. 92-1 at 15, 21, 28, 40, 48–49, 56, 62]. Plaintiff has provided no argument on why such policy is relevant to this case. Plaintiff's only viable claims in this case are that Defendants' actions were unconstitutional. Whether Defendants' actions were compliant with their internal policies is not relevant to whether their actions were unconstitutional. Therefore, Plaintiff is not entitled to the use of force policy.

Plaintiff did not request from Defendants a transcript of the disciplinary hearing, a copy of the log book related to the incident, or a statement from the examining doctor. Therefore, his motion to compel these documents is denied. The court also notes that, while Plaintiff references initial disclosures required under Fed. R. Civ. P. 26(a) [ECF

---

[1] Although ECF Nos. 87, 96, and 104 are titled motions for protective order, sanctions, and for relief from judgment (respectively), these motions all relate to discovery.

Nos. 96 at 2], this case is exempted from the requirement of automatic initial disclosures. Fed. R. Civ. P. 26 (a)(1)(B)(iv).  For the foregoing reasons, Plaintiff's motions related to discovery are denied.

    C.      Motion in Limine [ECF No. 108]

In his motion in limine, Plaintiff argues that some of the affidavits and incident reports Defendants attached in support of their motion for summary judgment should not be admitted in evidence. Although Plaintiff objects on the basis that they are inadmissible hearsay, he presents argument only that they are false. Because Plaintiff has not shown a legal basis for excluding the items from evidence, his motion in limine is denied. To the extent Plaintiff has an evidentiary basis for moving to exclude Defendants' exhibits, he will have an opportunity to assert such arguments before trial.

    D.      Motion for Judgment as a Matter of Law [ECF No. 112]

In his motion for a judgment as matter of law, Plaintiff essentially requests a judgment in his favor based on the allegations in his amended complaint. A judgment as a matter of law is permitted when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a). This case has not proceeded to a jury trial. Therefore, Plaintiff's motion for a judgment as a matter of law must be denied at this time.

    E.      Third and Fourth Motions for Sanctions [ECF Nos. 113, 122]

In his third and fourth motions for sanctions, Plaintiff presents duplicative arguments on the merits of his case and alleges that Kirkland's affidavit and report on the

5

use of force is false. In conclusion, Plaintiff requests monetary damages. Plaintiff's third and fourth motions for sanctions are denied. If Plaintiff's case survives summary judgment, a jury will determine whether Plaintiff is entitled to any damages.

    F.      Motion to Appoint Counsel [ECF No 120]

Plaintiff seeks appointment of counsel. As the court has previously informed Plaintiff, he is not entitled to appointed counsel in a civil action. [ECF No. 21, affirmed at ECF No. 46]. Additionally, Plaintiff is again advised that he is not entitled to free copies or a free "stamped" copy of any document he files with the court. *See* ECF No. 49. Plaintiff's motion for an appointment of counsel is denied.

    G.      Motion for Reconsideration [ECF No. 124]

Plaintiff's motion for reconsideration simply restates his arguments in opposition to summary judgment and asks that the court vacate any judgment it has entered. The court has not entered a judgment against Plaintiff. His motion for reconsideration is therefore denied as moot.

    H.      Motion for Trial [ECF No. 125]

Plaintiff requests that the court set a trial date. The undersigned denies Plaintiff's motion as premature at this time. If Plaintiff's case survives summary judgment, a trial date will be set in due course.

III.    Conclusion

For the foregoing reasons, the undersigned denies the following motions of Plaintiff: ECF Nos. 81, 87, 88, 94, 96, 104, 108, 112, 113, 120, 122, 124, and 125.

IT IS SO ORDERED.

March 19, 2015                                          Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

7