IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Douglas Green, | ) | Civil Action No. 1:14-2225-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lieutenant Sandra Kirkland, Officer James McElroy, and Warden Michael McCall, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Douglas Green, ("Plaintiff"), an inmate proceeding *pro se* and *in forma pauperis*, filed the instant action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling.

On March 19, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 129), recommending that this Court grant in part and deny in part Defendants' Motion for Summary Judgment. (ECF No. 101). More specifically, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment be granted as to Defendant Officer James McElroy and Defendant Warden Michael McCall and be denied as to Defendant Lieutenant Sandra Kirkland. Plaintiff filed an Objection to the Report on March 31, 2015. (ECF No. 131). Defendant Kirkland likewise filed an Objection to the Report on April 2, 2015. (ECF No. 132). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report, the Plaintiff's Objections and Defendant Kirkland's Objections. With respect to Plaintiff's Objections, the Court overrules them as without merit. In his filing, Plaintiff fails to meaningfully address the Magistrate Judge's core legal determinations for recommending grants of summary judgment in favor of Defendants McElroy and McCall. Plaintiff argues in general fashion that these Defendants should remain in the litigation. However, the record before the Court reflects that Plaintiff has failed to properly serve Defendant McElroy and has failed to plead sufficient factual allegations to establish supervisory liability as against Defendant McCall.

The Court likewise overrules Defendant Kirkland's Objections. Although Defendant Kirkland attaches to her filing a "Supplemental Affidavit," (ECF No. 132-1), in which she seeks to provide further clarification of the circumstances surrounding Plaintiff's excessive force claim against her and in so doing establish that no genuine issues of material fact exist regarding that claim and that she is entitled to qualified immunity, the Court is constrained to conclude that, with the case in this particular procedural posture, it would not be appropriate for the Court to consider supplementary facts such as those presented in the Supplemental Affidavit. The Court will,

however, extend to Defendant Kirkland leave to re-file for Summary Judgment with the supplemental affidavit included should the Defendant elect to do so.

Therefore, based upon the forgoing considerations, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 129), overruling both Plaintiff's Objection and Defendant Kirkland's Objection. Defendants' Motion for Summary Judgment, (ECF No. 101) is therefore **GRANTED** as to Defendants McElroy and McCall and **DENIED** as to Defendant Kirkland. The denial of Summary Judgment as to Defendant Kirkland is with leave to re-file, should Defendant elect to do so. Defendant Kirkland must re-file within fourteen (14) days from the date of entry of this Order. In that event, Plaintiff will be accorded thirty-four (34) days to respond, consistent with the requirements of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The Clerk of Court is hereby directed to automatically refer back to the Magistrate Judge for pre-trial handling any renewed motion for Summary Judgment filed pursuant to this Order.

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

April 16, 2015
Columbia, South Carolina